**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Landrum, Jr., | No. CV-23-01780-PHX-SHD |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Landrum, et al., | |
| Respondents. | |

Pending before the Court is Petitioner John Landrum's Petition for Writ of Habeas Corpus ("Petition"). (Doc. 1.) The Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed with prejudice because it is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. (Doc. 13 at 10, 16.) The R&R further recommended that a Certificate of Appealability be denied. (*Id.* at 16.) Landrum filed objections to the R&R, (Doc. 14), which is fully briefed, (Docs. 15, 16). For the reasons set forth below, the Court will overrule Landrum's objections, adopt the R&R, and **deny** the petition with prejudice.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

The R&R discusses the procedural and factual background of this case at pages one through five. (Doc. 13 at 1–5.)[1] Following a jury trial in the Maricopa County Superior Court, Landrum was convicted of ten counts of sexual exploitation of a minor. (*Id.* at 2.) He timely appealed to the Arizona Court of Appeals and raised two claims for relief. (*Id.*

---

[1]     Landrum does not object to these factual and procedural portions of the R&R.

at 3.) In June 2015, the court rejected these claims. (*Id.*) Landrum did not request further review from the Arizona Supreme Court. (*Id.*) "On August 13, 2015, the Arizona Court of Appeals issued its mandate." (*Id.*)

Landrum then filed a timely post-conviction relief ("PCR") notice with the Superior Court. (*Id.*) After "protracted" proceedings, the Superior Court dismissed Landrum's petition on the merits. (*Id.* at 3–4.) Landrum petitioned for review in the Arizona Court of Appeals, which granted review but denied relief, "finding that the superior court did not abuse its discretion in denying and dismissing [Landrum's] PCR petition." (*Id.* at 4.) Landrum petitioned the Arizona Supreme Court for further review, which denied his petition on February 24, 2022. (*Id.*) On March 24, 2022, the Arizona Court of Appeals issued its mandate. (*Id.*)[2] Landrum filed the instant Petition on August 25, 2023, (Doc. 1), approximately 18 months after the Arizona Supreme Court denied review.

## II. R&R ANALYSIS

A federal district court may grant a writ of habeas corpus under 28 U.S.C. § 2254 when a petitioner is "a person in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). These petitions are governed by the AEDPA, which imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. *Id.*

On April 17, 2024, the Magistrate Judge issued an R&R recommending the Petition be denied because it was barred by the AEDPA's statute of limitations. (Doc. 13 at 10, 16.) Based on Landrum's procedural history in state court, the Magistrate Judge concluded that during the pendency of Landrum's PCR proceedings, the "AEDPA's one-year limitations period was entirely tolled pursuant to 28 U.S.C. § 2244(d)(2)" until February 24, 2022, "the date on which the last state avenue for relief expired." (*Id.* at 10.) Therefore, the "AEDPA's one-year statute of limitations period commenced to run the following day,

---

[2] As noted in the R&R's background section, Landrum filed various documents in the Superior Court and Arizona Court of Appeals after this March 2022 mandate. (Doc. 13 at 4–5.) Landrum objects to the Magistrate Judge's characterization of these filings. (*See, e.g.*, Doc. 14 at 3.) Therefore, these filings will be addressed in the next section. *See* Section II, *infra*.

on February 25, 2022, and the period for [Landrum] to file a habeas petition expired on . . . February 24, 2023." (*Id.*) Because Landrum "filed these habeas proceedings on August 24, 2023, . . . approximately six months after the expiration of AEDPA's one-year statute of limitations period," these "proceedings were untimely filed." (*Id.*)

The Magistrate Judge also found that after Landrum's PCR proceedings concluded, despite the fact that "no further proceedings were required in the superior court or the court of appeals," Landrum "made various filings in both courts regarding the concluded PCR proceedings." (*Id.* at 4.) These filings stemmed from the Arizona Court of Appeals' mandate, which "in its standard language, stated that the superior court was commanded to conduct such proceedings as required to comply with the memorandum decision of the court of appeals." (*Id.*) The Magistrate Judge explained that in "April and May 2022, [Landrum] filed motions in the superior court requesting appointment of counsel due to" the March 2022 mandate, "which [Landrum] described as having 'commanded the superior court to conduct proceedings as required to comply with'" the Arizona Court of Appeals' memorandum decision. (*Id.* (quoting Doc. 12-1 at 2–8).) The Superior Court appointed Landrum counsel in August 2022 at his request. (*Id.*) The appointed counsel moved for a briefing schedule and requested Landrum's file for counsel's review. (*Id.* at 5.) In December 2022, the Superior Court ruled that the counsel assignment was mistaken and thus vacated the appointment of counsel, denied counsel's motion, and ordered counsel to return Landrum's case file. (*Id.*) Regarding Landrum's filing in the Arizona Court of Appeals for clarification and exhaustion of state remedies, the appeals court issued an order taking no action and noting the matter "was mandated on March 24, 2022." (*Id.*)

Landrum argued these filings were "properly filed PCR proceedings that tolled the statute of limitations period." (*Id.* at 6.) But the Magistrate Judge rejected Landrum's argument, concluding that these filings "were not initiating new PCR proceedings, but rather were mistaken attempts to continue to pursue [Landrum's] already concluded first PCR proceedings." (*Id.* at 9.) The Magistrate Judge additionally reasoned that "state PCR proceedings not filed within the state's required time limit are not 'properly filed,' and a

- 3 -

petitioner is not entitled to statutory tolling during those proceedings." (*Id.*) Thus, none of Landrum's post-March 2022 filings "were timely under state PCR rules even if the filings were to be construed as initiating a second PCR proceeding." (*Id.* at 9–10.) Consequently, this did not change the Magistrate Judge's conclusion that Landrum's habeas proceedings were untimely filed. (*See id.* at 10.)

The Magistrate Judge next considered whether the AEDPA's limitations period should be equitably tolled and recommended it should not because Landrum had not shown "extraordinary circumstances" nor "the diligence towards filing habeas proceedings required for application of equitable tolling." (*Id.* at 13.) The Magistrate Judge then found that the "actual innocence gateway," another avenue that can excuse "petitions that are time-barred under AEDPA," also did not apply. (*Id.* at 14–15.) Explaining that the actual innocence gateway requires "a petitioner [to] establish his or her factual innocence of the crime and not mere legal insufficiency" and establish that "it is more likely than not that no reasonable juror would have convicted [a petitioner] in light of the new evidence," the Magistrate Judge determined Landrum had not made these showings.[3] (*Id.*)

Accordingly, because Landrum's "habeas proceedings were untimely filed" and "neither equitable tolling nor the actual innocence gateway render[ed] these proceedings timely filed or excuse[d] the approximately six-month late filing," the Magistrate Judge recommended Landrum's Petition be dismissed with prejudice. (*Id.* at 15–16.)

**III. DISCUSSION**

District courts "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). A party "may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *See Thomas v. Arn*, 474 U.S. 140, 149–

---

[3] Landrum does not object to the Magistrate Judge's findings regarding equitable tolling and the actual innocence gateway. Therefore, these findings and recommendations will not be reviewed. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (district courts review Magistrate Judge's findings and recommendations *if* objections are made).

50 (1985.) A magistrate judge's findings and recommendations must be reviewed "*de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121. Thus, de novo review is required only of the portions of a magistrate judge's "recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009).

### A. Applicable Statute of Limitations

Landrum objects to the Magistrate Judge's finding that the AEDPA statute of limitations expired before Landrum filed the Petition, arguing he had "a properly filed petition for post-conviction proceeding . . . pending on August 11 2022 where the Superior Court appointed counsel." (Doc. 14 at 2–3.) He argues the Magistrate Judge failed to consider that, "in Arizona, a Defendant is not limited to only one PCR petition" and additionally there are "no time limitations to file a successive PCR petition." (*Id.* at 3.) He further argues that the Superior Court appointed counsel on December 13, 2022, then "decided, without giving an explanation . . . that [it] made a mistake" in appointing counsel and ordered Landrum's counsel to return Landrum's case file no later than December 28, 2022. (*Id.* at 4.) Landrum contends this "clearly established that as late as December 28, 2022 [Landrum] had a properly filed active post-conviction proceeding pending." (*Id.* at 4.) He contends the Petition was therefore timely filed on August 24, 2023, which was less than one year from December 28, 2022. (*Id.*)

Respondents argue that (1) Landrum's purported objections do "no more than reiterate the same general assertions that the R&R" considered and rejected in finding the Petition untimely; (2) because Landrum's objections are not specific and do not point to particular flaws in the Magistrate Judge's analysis, they have the same effect as a failure to object and there is no need to review the R&R's conclusion; and (3) the R&R's conclusions regarding Landrum's alleged second PCR proceeding are correct. (Doc. 15 at 1–2.)

### 1. Landrum's Post-March 2022 Filings Related to His First PCR Proceeding

Landrum's objections that "merely repeat or rehash claims asserted in the petition" need not be considered. *See Castillo-Torres v. Shinn*, 2022 WL 326350, at *3 (D. Ariz. 2022). The Magistrate Judge considered and rejected Landrum's argument that his post-March 2022 filings constituted new PCR proceedings. (Doc. 13 at 9.)

But even considering Landrum's objections, the Magistrate Judge's conclusion was correct. As the Magistrate Judge noted, (*id.* at 4), the Arizona Court of Appeals' March 2022 mandate used standard language, "command[ing the *Superior Court and Superior Court Judge*] to conduct such proceedings as required to comply with the [memorandum decision],"[4] rather than any language specific to Landrum from which it could be inferred that the Arizona Court of Appeals thought there were further substantive proceedings before the Superior Court. (Doc. 9-3 at 44 (emphasis added).)

The Magistrate Judge is correct that Landrum's filings after the Arizona Court of Appeals' March 2022 mandate were related to his first PCR proceeding, and they did not initiate new PCR proceedings. Landrum's May 2022 motion to the Superior Court stated that "[o]n March 24th, 2022 the Arizona Court of Appeals commanded the Superior Court to conduct Proceedings as required to comply with [its] memorandum decision." (Doc. 12-1 at 2.) Landrum then stated that, under the Arizona Appellate Handbook, "for further proceedings, counsel must take appropriate steps in the Superior Court," he had "no understanding of the appropriate steps he should take," and he sought "clarification from the Superior Court and a court appointed Attorney to navigate said Proceedings." (*Id.*) Similarly, Landrum's June 2022 motion to the Arizona Court of Appeals stated that "on March 24, 2022 [the Court of Appeals] issued a Mandate . . . ordering the Superior Court to conduct such proceedings as required to comply with [the] Memorandum Decision of this court." (*Id.* at 40.) The motion then informed the Court of Appeals that he requested

---

[4] The Arizona Court of Appeals regularly uses this standard language in its mandates. *See, e.g.*, *In re Bond Forfeiture of $10,000*, 2021 WL 389644, at *1 (Ariz. Ct. App. 2021) ("We issued our mandate . . . 'command[ding the Superior Court] to conduct such proceedings as required to comply' with our decision." (second alteration in original)); *SK Builders, Inc. v. Smith*, 2020 WL 7658332, at *2 (Ariz. Ct. App. 2020) ("[O]ur mandate directed [the Superior Court] only to 'conduct such proceedings as required to comply with' our order . . . .").

clarification "of the trial court proceedings or Appointment of Counsel" and had received "no correspondence." (*Id.* at 41.)

Landrum asserts for further support that "[u]nder Arizona law if a court receives any type of application or request for relief—however titled—that challenges the validity of the defendant's conviction or sentence following a trial, [the court] must treat the application as a petition for post-conviction relief," (Doc. 14 at 3–4 (citing Ariz. R. Crim. P. 32.3(b))). This argument is unavailing. As noted above, Landrum's filings related to the Arizona Court of Appeals' standard mandate language and did not challenge the validity of his conviction or sentence.

### 2. If the Post-March 2022 Filings Are Construed as a Second PCR Proceeding, those Filings were Untimely

The Magistrate Judge also reasoned that "[e]ven if [Landrum's] filings were to be construed as initiating a second PCR proceeding," they were untimely, citing Arizona Rule of Criminal Procedure ("Rule") 32.4(b)(3). (Doc. 13 at 9–10.) This rule governs the time for filing notices requesting post-conviction relief. Ariz. R. Crim P. 32.4(b)(3). A defendant must file a notice of claims under Rule 32.1(a)—governing PCR requests arguing "the defendant's conviction was obtained, or the sentence was imposed, in violation of the United States or Arizona constitutions," *id.* 32.1(a)—"within 90 days after the oral pronouncement of sentence or within 30 days after the issuance of the mandate in the direct appeal, whichever is later." *Id.* 32.4(b)(3)(A). Notices of claims under Rule 32.1(b) through (h)[5] must be filed "within a reasonable time after discovering the basis of

---

[5] Defendants may file these PCR requests on the following grounds for relief: (b) the court did not have subject matter jurisdiction to impose its sentence or render judgment, (c) the sentence was not authorized by law, (d) the defendant is or would continue to be in custody after their sentence expired, (e) newly discovered material facts probably exist that would probably have changed the judgment or sentence, (f) failure to timely file a PCR notice was not the defendant's fault, (g) a significant change in the law occurred which would probably overturn the defendant's judgment or sentence, or (h) "the defendant demonstrates by clear and convincing evidence that the facts underlying the claim would be sufficient to establish that no reasonable fact-finder would find the defendant guilty of the offense beyond a reasonable doubt, or that no reasonable fact-finder would find the defendant eligible for the death penalty in an aggravation phase held pursuant to A.R.S. § 13-752." Ariz. R. Crim. P. 32.1(b)–(h).

the claim." *Id.* 32.4(b)(3)(B).

Here, assuming for the sake of argument that Landrum's filings after the March 2022 mandate were attempts to initiate a second PCR proceeding, they were untimely. Starting with the timing requirements of Rule 32.4(b)(3)(A), Landrum was sentenced on March 25, 2014, *State v. Landrum*, 2015 WL 3932399, at *2 (Ariz. Ct. App. 2015), and the Arizona Court of Appeals issued its mandate in Landrum's direct appeal on August 13, 2015, (Doc. 9-1 at 109). It is unclear whether the Superior Court's pronouncement of Landrum's sentence was oral, but regardless, the Arizona Court of Appeals' mandate was the later of the two triggering events set forth in Rule 32.4(b)(3)(A). (*See id.*) Therefore, Landrum's notice of PCR was due 30 days after issuance of the August 13, 2015 mandate, *i.e.*, in September 2015. His 2022 filings were submitted years after this date and are therefore untimely. (*See, e.g.*, Doc. 12-1 (motion to Superior Court).)

Turning to the timing requirements of Rule 32.3(b)(3)(B), Landrum's notice of PCR was due "within a reasonable time after discovering the basis of the claim" if the grounds for relief fell within the circumstances listed in Rule 32.1(b)–(h). A defendant's notice must include "the reasons for not raising the claim in a previous notice or petition, or for not raising the claim in a timely manner." Ariz. R. Crim. P. 32.2(b). Here, again, Landrum's filings related to the Arizona Court of Appeals' March 2022 mandate, rather than reasons for his failure to raise his "second" claims in a timely manner; in fact, he does not discuss any new claim nor does he explain why he could not file a PCR claim sooner. (*See generally* Doc. 12-1.) Thus, to the extent they could be construed as meeting the circumstantial requirements of Rule 32.1(b)–(h), these filings are also untimely under Rule 32.4(b)(3)(B). *See State v. Manning*, 2022 WL 893606, at *1 (Ariz. Ct. App. 2022) (holding the Superior Court did not err in dismissing a petitioner's PCR notice, which he was required to bring "within a reasonable time after discovering the basis of the claim" under Rule 32.4(b)(3)(B), because he did not explain his failure to raise his claim sooner as required by Rule 32.2(b)).

Accordingly, the Magistrate Judge applied the correct statute of limitations to

Landrum's case, and Landrum's objection is overruled.[6]

### B. Request for Evidentiary Hearing

Landrum requests an evidentiary hearing, arguing that the Magistrate Judge's conclusion that Landrum's Petition was time barred "may very well be a case of first impression," and therefore, "an evidentiary hearing is needed to establish the record for appeal." (Doc. 14 at 1.)

In determining whether relief is available under Section 2254(d)(1), federal habeas courts' review is limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011). An evidentiary hearing is not required if the petition's factual allegations would not entitle a petitioner to relief under Section 2254(d), or if the "record . . . otherwise precludes habeas relief." *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Thus, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* As analyzed above, the record refutes Landrum's factual allegations that he had a second PCR proceeding pending.

Landrum also contends that the Magistrate Judge "admit[ted] that a post-conviction proceeding was pending as late as December of 2022 when the [Superior Court] reversed its decision on appointment of counsel," and therefore, under the Magistrate Judge's "point of view," the questions were whether the Superior Court's decision to remove Landrum's counsel "ended [his] pending post-conviction proceeding and if [the Superior Court's] action made [Landrum's] then timely pending post-conviction proceeding untimely." (Doc. 14 at 5.) But this mischaracterizes the Magistrate Judge's findings—the Magistrate Judge did *not* find a PCR proceeding was pending in December 2022 but rather noted that

---

[6] Landrum also asserts that Respondents "attempted to deceive this Court" by stating his PCR proceeding had concluded and "hiding the knowledge" of his second petition, (Doc. 14 at 7–8), and thus, if he prevails "by this Court finding [his] petition is timely filed," Respondents should not be given "a second opportunity to present [their] case," (*id.* at 6–8). To the extent these arguments are construed as objections to the R&R, they are not specific and therefore need not be reviewed. *See Warling v. Ryan*, 2013 WL 5276367, at *2 (D. Ariz. 2013) ("[T]he Court has no obligation to review Petitioner's general objection to the R&R."); *see also* Fed. R. Civ. P. 72(b)(2). Further, there is no need to address future proceedings given the conclusion that the AEDPA bars Landrum's Petition.

the Superior Court's December 2022 order found Landrum's counsel assignment mistaken, denied counsel's motion, and ordered counsel to return Landrum's files. (*See* Doc. 13 at 5.)

Because the record establishes that Landrum's Petition is barred by the AEDPA's one-year statute of limitations, an evidentiary hearing is not warranted.

Accordingly,

**IT IS ORDERED** that the Report & Recommendation (Doc. 13) is **adopted**, and the objections (Doc. 14) **are overruled**.

**IT IS FURTHER ORDREED** that the Petition in this case is **denied with prejudice**, and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied**. The Petition's dismissal is based on a plain procedural bar, and reasonable jurists would not find this procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 21st day of August, 2025.

_____
Honorable Sharad H. Desai
United States District Judge